The Inter-State Consolidated Rapid Transit Railway Company v. S. N. Simpson *et al.*

1. Eminent Domain — *Compensation* — *Benefits*. Where a right-of-way for a railroad is condemned through a tract of land, the owners' damages cannot be diminished by any benefits likely to accrue from the construction of the railroad to that portion of the tract not taken. (*Rld. Co. v. Ross*, 40 Kas. 598.)

2. Verdict, *Not Disturbed*. Errors that are not prejudicial will not warrant the court in disturbing the verdict.

*Error from Wyandotte District Court.*

The opinion states the case.

*Warner, Dean & Hagerman,* and *I. J. Ketcham,* for plaintiff in error.

*Stevens & Stevens,* and *Alden, McGrew & Watson,* for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J.: This was an appeal from an award made by commissioners appointed at the instance of the railway company to condemn lands of the defendants in error taken as a right-of-way for a railroad. In the district court the amount of the award was increased, and the railway company complains of the rulings and result of that trial. There are numerous errors assigned, but we find nothing substantial in any of them. It is insisted at length that the court erred in excluding from the consideration of the jury all benefits accruing to the land-owners by reason of the establishment of the road. It is conceded that, under the constitutional provision ordaining that full compensation shall be made to the land-owner without regard to benefits, neither general nor special benefits can be deducted from the value of the land actually taken. But it is contended that this restriction does not extend to the residue of the land; and as to that, the special benefits resulting from the construction of the road may be set off against the damages, and that the measure of damages done to the remainder of the land is its value after deducting benefits. This particular question has recently received the consideration of the court, and it determined that no benefit resulting from the construction of the road could be considered or deducted from the damages sustained by the land-owner. (*Rld. Co. v. Ross,* 40 Kas. 598.)

Complaint is made of several rulings of the court in sustaining objections to questions asked upon cross-examination. It came out during the trial that the defendants in error had offered to give a strip of land through their property for the purposes of a public street, upon certain conditions, and inquiries were made of several witnesses in regard to the condi-

tions of the proposal and the reason for its non-acceptance. In most cases the objections to the questions were properly sustained, because they were not proper on cross-examination. It is difficult to see the importance or materiality of such testimony, as it appears that the land was not given for a street, but still remained the property of the defendants in error when the condemnation proceedings were had. And if there was any materiality in the testimony, it was subsequently fully developed by W. A. Simpson, who testified in behalf of the defendants in error as to the proposal with all its conditions.

The court also excluded testimony in regard to the action of some of the defendants in error in having the property stricken from the tax-roll upon the theory that it was a public street. As the land was not a public street, but belonged to the defendants in error, their action in that regard would not prevent them from recovering the value of their land appropriated by the railroad, and any damage done to the same. The court made no mistake in excluding the testimony.

Some of the questions asked upon cross-examination in regard to statements made to officers of the railroad company respecting the street might properly have been answered, but they are not sufficiently material to warrant us in disturbing the judgment.

The judgment of the district court will be affirmed.

All the Justices concurring.